CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 18, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOSHUA L. PHILLIPS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25CV00632 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN MR. GILLEY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Joshua L. Phillips, Pro Se Petitioner.*

The petitioner, an unrepresented federal inmate, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.* Phillips asserts that the court should dismiss the indictment against him in the United States District Court for the Southern District of Georgia and release him from custody under Executive Order 14206 by President Trump, dated February 7, 2025, entitled "Protecting Second Amendment Rights." Phillips alleges that this Executive Order is applicable to his previously obtained conviction for possession of a firearm as a convicted felon, rendering that conviction invalid as a violation of his rights under the Second Amendment to the United States Constitution. Upon review of the record, I

* The record indicates that when Phillips filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County, located within this judicial district.

conclude that Phillips' § 2241 petition must be summarily dismissed for lack of jurisdiction.

Normally, a federal prisoner seeking to overturn his conviction, as Phillips desires, must do so on direct appeal, or later, in a motion under 28 U.S.C. § 2255 to collaterally attack his conviction. *Davis v. United States*, 417 U.S. 333, 343 (1974). Section 2255(e), known as the saving clause, permits a defendant to file a habeas corpus petition under 28 U.S.C. § 2241 instead of a § 2255 motion if "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, 599 U.S. 465, 477–78 (2023), the Supreme Court held that post-conviction changes to statutory interpretation or application do not provide grounds to challenge a conviction or sentence in a § 2241 petition. As interpreted in *Hendrix*, the saving clause only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Phillips seeks to overturn his conviction based on a post-conviction change in the legal landscape. The proper avenue by which Phillips could bring his stated legal challenge to his conviction and sentence is a § 2255 motion filed in the district court that imposed the conviction and sentence, the Southern District of Georgia. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000), *abrogated by Hendrix*, 599 U.S. 465

(2023) (noting that federal prisoners must file § 2255 motions in the sentencing court rather in the district of confinement so that the motions can be addressed more efficiently). Court records online indicate that Phillips was convicted for possession of a firearm as a convicted felon and sentenced in March 2016 and has not yet filed a § 2255 motion. Phillips may be able to pursue his claim in a § 2255 motion in the district court that sentenced him. He is advised to be aware of the statute of limitations in 28 U.S.C. § 2255(f), however.

Since Phillips was not sentenced in this court, I cannot address his current claim by construing his submission as a § 2255 motion. Phillips also does not identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court." *Id.* at 474. Consequently, I lack jurisdiction over Phillips' § 2241 petition and must summarily dismiss his petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: September 18, 2026

/s/ JAMES P. JONES
Senior United States District Judge